UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW SUH,

          Petitioner,

-against-

DEPT OF JUSTICE,

          Respondent.

22-CV-6667 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    On August 4, 2022, the court received this *pro se* action, purportedly brought by Andrew Suh, who is currently incarcerated in the Dixon Correctional Center, in Dixon, Illinois. It appears, however, that this action was actually filed by Young Yil Jo ("Jo").[1] On January 8, 2015, the court barred Jo from filing any document in this court in the name of another person, *In re Young Yil Jo*, ECF 1:14-CV-7793, 2 (S.D.N.Y. Jan. 8, 2015), and on May 6, 2015, the court barred Jo from filing any new civil action or proceeding in this court without first obtaining leave of the court, *In re Young Yil Jo*, ECF 1:14-CV-7793, 3 (S.D.N.Y. May 6, 2015).

    Because the Court finds that this action was filed by Jo, the Court dismisses this action without prejudice to any civil action that Andrew Suh may wish to bring in the future.

    The Court advises Jo that the filing injunctions issued in *In re Young Yil Jo*, 1:14-CV-7793 (S.D.N.Y.), remain in effect. Jo is enjoined from filing any new civil action or proceeding in this court without first obtaining leave of the court. Jo also remains barred from filing any document in this court in the name of another person.

---

[1] The Court has previously recognized Jo as having brought actions in the name of Andrew Suh. *See Suh v. DOJ*, ECF 1:22-CV-3741, 2 (S.D.N.Y. May 10, 2022); *Suh v. DOJ*, ECF 1:22-CV-2847, 2 (S.D.N.Y. Apr. 7, 2022); *Suh v. DOJ*, ECF 1:22-CV-1970, 2 (S.D.N.Y. Mar. 10, 2022); *Suh v. DOJ*, ECF 1:22-CV-1079, 2 (S.D.N.Y. Feb. 9, 2022).

The Court will continue to dismiss any civil action or proceeding filed by Jo in the name of another person without prejudice to any civil action that person may wish to bring in the future. Should Jo persist in filing civil actions in this court in the name of other persons, the Court may impose additional restrictions and sanctions on him. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action without prejudice to any civil action that Andrew Suh may wish to bring in the future.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 5, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge